IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON MARIE STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV–21–355–JAR |
| ) | |
| KILO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Sharon Marie Stevens (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **AFFIRMED**.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do his previous work but cannot, considering [her] age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was forty-five years old at the time of the administrative hearing. (Tr. 11, 19). She possesses at least a high school education. (Tr. 19). She has worked as an all-around presser. (Tr. 18). Claimant alleges that she has been unable to work since July 1, 2020, due to limitations resulting from diabetes, high blood pressure, anxiety and depression, and stomach acid. (Tr. 273).

## Procedural History

On June 4, 2020,[2] Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. After an administrative hearing, Administrative Law Judge Michael Mannes ("ALJ") issued an unfavorable decision on April 22, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He

---

[2] Although the ALJ misstates that Claimant filed her application for supplemental security income on July 4, 2020, according to the record Claimant filed her application on June 5, 2019. (Tr. 11, 225)

3

determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to apply the applicable standards at step five and (2) failing to properly consider and account for all the limitations suggested by the state agency mental experts in the formation of the RFC.

## Step Five Determination

In his decision, the ALJ determined Claimant suffered from the severe impairments of essential hypertension; diabetes mellitus; a peptic ulcer; peripheral neuropathy; depression, bipolar, anxiety, and obsessive-compulsive disorders; trauma and stressor disorders; spine disorder; and asthma. (Tr. 13). The ALJ concluded that Claimant retained the RFC to perform light work with limitations. The ALJ determined that Claimant can occasionally stoop, kneel, or crouch. Claimant, however, must avoid frequent exposure to dust, odors, fumes, and pulmonary irritants. Additionally, Claimant can understand, remember, and carry out simple and some detailed instructions as well as concentrate and persist for extended periods. The ALJ found that Claimant is able to interact with supervisors and coworkers on a superficial work basis and occasionally interact with the general public. Claimant can respond appropriately to changes in a routine work setting, which are gradually introduced and infrequent. (Tr. 15)

After consultation with a vocational expert, the ALJ found that Claimant could perform the representative jobs of housekeeping cleaner, mail clerk, and

sub assembler. (Tr. 20). As a result, the ALJ found Claimant has not been under disability since "July 4, 2020, the date the application was filed."[3] (Tr. 20).

The Claimant asserts that she cannot perform the job of mail clerk because it requires level three reasoning, which is a reasoning level beyond that found in her RFC. The RFC outlined by the ALJ assigns Claimant the ability to "understand, remember and carry out simple and some detail instructions." (Tr. 15). Claimant argues that she cannot meet the requirements of reasoning level three, particularly the assertion that a claimant can "deal with problems involving several concrete variables," because it does not align with her ability to perform "simple and some detailed instructions."

Reasoning level three requires a claimant to have the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and d]eal with problems involving *several* concrete variables in or from standardized situations." Reasoning level 2 requires a claimant to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and d]eal with problems involving a *few* concrete variables in or from standardized situations." While it is unclear whether an RFC which limits one to simple and some detailed instructions is more consistent with the demands of level-two or level-three reasoning, if other jobs remain any error is harmless and does not constitute a need for remand. *See*

---

[3] This Court again notes the ALJ misstated the application date. (Tr. 11). According to the record, Claimant filed her application for supplemental security income on June 4, 2020. (Tr. 225). On remand, the ALJ shall ensure the application date is properly stated.

*Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016). ("[W]e have previously held that a limitation to 'simple and routine work tasks . . . seems inconsistent with the demands of level-three reasoning'[, but] . . . we have not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to carrying out simple instructions."); *see also Anderson v. Colvin*, 514 F. App'x. 756, 764 (10th Cir. 2013) ("[a]ssuming there was a conflict between the VE's testimony and the DOT, the ALJ's failure to resolve the alleged conflict was harmless error" because the VE identified at least two jobs with a reasoning level of one.). This Court will not consider whether the ALJ failed to resolve a conflict between the VE's testimony and the DOT, because the VE identified two other jobs, housekeeper cleaner and sub assembler, with a reasoning level consistent with the assigned RFC, thus making the error alleged by Claimant harmless.

Despite Claimant's objection, even considering only the jobs of housekeeper cleaner and sub assembler, there are jobs available to Claimant that exist in significant numbers. The VE testified that there were 220,000 housekeeping cleaner jobs and 16,000 sub assembler jobs. The determination that work can be performed in significant numbers is considered case-specific, and "the issue of numerical significance entails many fact-specific considerations requiring individualized language as applied to a particular claimant's factual situation." *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004) (quoting *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992)). The Tenth Circuit has held that this finding is not limited to local or regional numbers but is instead a determination of whether work exists in significant numbers in

6

the regional or national economy. *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009). Here, the Court is persuaded that even if the job of mail clerk was eliminated, 236,000 jobs available nationally for the remaining jobs is significant. *See Fox v. Colvin*, 2015 WL 5178414, at *4 (W.D. Okla. Sept. 3, 2015) ("The *Rogers* [*v. Astrue*, 312 F. App'x. 138, 142 (10th Cir. 2009)] decision came out the same year as *Raymond*, and that court implicitly found, as a matter of law, without engaging in a multi-factor analysis, that 11,000 jobs in the national economy is significant. The Court is persuaded by *Rogers* and finds that 32,000 utility tractor jobs in the national economy is also significant."); *see also Stokes v. Astrue*, 274 F. App'x. 675, 684 (10th Cir. 2008) (holding that because there were still 11,000 jobs available regionally and 152,000 available nationally after two jobs were eliminated based on reasoning level, the Court did not believe any "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where Ms. Stokes lives or several regions of the country."). This Court finds no error in the ALJ's step five evaluation.

## RFC Determination

Claimant next contends that the ALJ failed to include a portion of the state reviewing physician's opinion in his RFC determination and in turn the hypothetical posed to the VE despite finding these physician's to be "partially persuasive." As a result, Claimant argues that due to this failure yet another job available to Claimant must be eliminated leaving insignificant jobs in the national economy. For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these

rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. See 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Generally, the ALJ is not required to explain how the other factors were considered. See 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered. See 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor examines how well a medical source

supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); see also *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

Although Claimant recognizes that the ALJ found the opinions of state reviewing physicians to be only partially persuasive, she contends that the ALJ improperly failed to include their opinion that Claimant could "cope with normal changes in a low stress work environment" in his RFC. (Tr. 115, 135). The ALJ, however, limited Claimant by finding that she can "respond appropriately to changes in a routine work setting which are gradually introduced and infrequent." (Tr 15) Although the ALJ in his decision, did not explicitly restate this particular conclusion during his analysis of the state reviewing physicians,

9

it is clear to this Court that the ALJ did consider this evidence and further included the limitation, although in different terminology, in his RFC.

Lastly, Claimant argues that the ALJ erred in considering the state agency psychologist because he rejects the conclusion that Claimant "may have variable periods of lapses in attention and concentration due to mental rumination and preoccupation during episodes of acute depression and anxiety." (Tr. 18) This argument is unfounded as the ALJ appropriately considered but still rejected this finding in light of objective medical evidence showing Claimant had mental examinations within normal limits.

This Court finds no error in the ALJ's analysis of the state reviewing physician opinions. As a result, the ALJ likewise did not commit an error in the posing of a hypothetical to the VE and did not err in relying on the VE's testimony pertaining to Claimant's ability to perform the job of housekeeper cleaner.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

**IT IS SO ORDERED** this 31st day of March, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**